JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 9382

---------------------------------------------------------------X

Stephen Law,

              Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER Darin Lazar Shield 7054, POLICE OFFICERS JOHN DOE # 1 through approximately # 10, the names being fictitious and presently unknown, in their individual and official capacities as employees of the City of New York Police Department,

              Defendants.

---------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

RECEIVED
NOV 25 2014
U.S.D.C. S.D.N.Y.
CASHIERS

       The Plaintiff, Stephen Law, by his attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

       1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Lazar and Police Officers John Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

       2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

       3.    Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant Lazar is assigned to a Precinct in New York County, New York, within the confines of the Southern District of New York.

## PARTIES

       4.    Plaintiff at all times relevant hereto resided in the City and State of New York.

       5.    At all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officer Lazar and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is a US Citizen and father of three minor children for whom he provides support. He works full time, is a supervisor at his job, and has no criminal record.

12. On September 14, 2013, at approximately 1:40am Plaintiff was walking with his girlfriend on a public sidewalk in the vicinity of 140 East 14th Street, New York, NY when for no legitimate reason whatsoever defendant Lazar, in the company of his co-defendant NYPD officers, approached from behind, grabbed Plaintiff by the left wrist and attempted to jerk Plaintiff backwards and around.

13. When Plaintiff demanded an explanation and to be released, Lazar twisted Plaintiff's left arm behind Plaintiff's back. Another officer then grabbed Plaintiff's right arm and yanked it behind Plaintiff's back. The defendants then scooped Plaintiff's legs out from under him and threw him onto the concrete pavement. Defendants then jammed their knees into Plaintiff's back, pushing Plaintiff's face and body into the concrete.

14. While this happened Plaintiff was screaming in pain and demanding to know why he was being assaulted. Plaintiff's girlfriend was also screaming and crying and demanding that defendants stop assaulting her boyfriend.

15. Defendants then handcuffed Plaintiff behind his back, deliberately too tight, while he was still on the ground. By this time Plaintiff was bleeding; blood was dripping down his face into his eyes and mouth.

16. Defendants then yanked Plaintiff to his feet. Plaintiff complained that the handcuffs were so tight that he could not feel his fingertips and had lost sensation in them, and requested the cuffs be loosened. Defendants refused.

17. Plaintiff suffered lacerations, bruising, swelling, redness, welts, and pain to his head, face, and body.

18. Defendants then informed Plaintiff's girlfriend that they were going to transport Plaintiff to the 9th Precinct. Plaintiff's girlfriend, who was crying and scared, informed them that it was now almost 2am, that she did not know the area, and that she did not want them to take her boyfriend away and leave her alone on the street. Defendants escorted Plaintiff's girlfriend to the 9th Precinct along with Plaintiff.

19. En route to the precinct Plaintiff remained handcuffed too tight despite his requests the cuffs be loosened. He was also still bleeding; blood continued to drip down into his eyes, his mouth, and onto his clothing.

20. At the precinct Plaintiff remained handcuffed too tight despite his requests the cuffs be loosened. He was also still bleeding; blood continued to drip down into his eyes, his mouth, and onto his clothing.

21. Despite repeated requests for medical attention or to at least wipe the blood from his face, defendants refused, to the point that while Plaintiff was standing up against a bulletin board his blood splattered onto the wanted posters and flyers of said bulletin board. Plaintiff's girlfriend observed this mistreatment and was sobbing, asking defendants to help Plaintiff, to no avail.

22. When defendants saw Plaintiff's blood on the precinct bulletin board and wall, they finally called for an Emergency Medical Technician, who slapped a bandage on Plaintiff.

23. During this entire time, defendants repeatedly instructed Plaintiff and his girlfriend that he should refuse medical treatment in order to hasten his booking procedure and arraignment; and threatened that if he insisted on medical treatment he would spend at least twice as long in custody.

24. Defendants promised Plaintiff that in exchange for his refusing medical attention they would speed up his arraignment by doing a "walk-through," meaning that they would accompany him to the arraignment, stay with him at Central Booking, and get him arraigned ahead of other arrestees awaiting their arraignments, as opposed to waiting for his turn according to his normal "ready time."

25. Plaintiff was denied food, drink, and phone calls at the Precinct and his pain and suffering increased.

26. More than 40 hours after his initial assault and arrest, Plaintiff was released on his own recognizance at his "walk-through" arraignment.

27. Plaintiff sought and received medical attention at Beth Israel Hospital.

28. During defendants' assault on Plaintiff they damaged Plaintiff's $300 Fossil watch.

29. Plaintiff made 3 additional Court appearances; on the last date all charges against him were dismissed under Docket 2013NY071055. Plaintiff lost at least one day of work due said appearances.

30. Plaintiff's arrest, prosecution, and incarceration were committed without legal process and without probable cause.

31. Defendant Lazar and the additional defendants acted maliciously and intentionally, and are examples of gross misconduct.

32. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

**FIRST CAUSE OF ACTION**

(FALSE ARREST and ILLEGAL IMPRISONMENT)

33. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

34. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

35. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

36. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

37. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

38. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

39. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

40. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

41. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

42. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

43. Defendants subjected Plaintiff to false arrest and false imprisonment.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

45. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

46. Defendant Lazar illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

47. That as a result of the foregoing, Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the

Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

48. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

49. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

50. Defendant Lazar illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

51. That as a result of the foregoing, Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff's rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

52. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FIFTH CAUSE OF ACTION
(ASSAULT and EXCESSIVE FORCE)

53. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

54. That the Court has pendant jurisdiction of this claim.

55. That as a result of the foregoing, the defendant Officer Lazar intentionally put the Plaintiff in fear and fright of imminent physical harm.

56. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant Lazar, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### SIX CAUSE OF ACTION
(BATTERY and EXCESSIVE FORCE)

57. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

58. Defendant Lazar battered the Plaintiff.

59. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant Lazar, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

60. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

61. Defendants caused a false accusatory instrument to be filed against Plaintiff.

62. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

63. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

64. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

### EIGHTH CAUSE OF ACTION
(CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

65. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

66. Plaintiff was denied medical treatment at the scene of the unlawful arrest.

67. Plaintiff was denied medical treatment at the precinct.

68. Plaintiff was denied food and water at the precinct.

69. Plaintiff suffered from the lack of food and water and defendants did not care about his welfare.

70. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny food and water to individuals who are arrested for a serious crime.

71. After the arrest Plaintiff suffered pain.

72. Defendants knew about Plaintiff's condition but failed to take corrective actions to accommodate him.

73. As a result of defendants' conduct Plaintiff suffered injuries.

### NINTH CAUSE OF ACUTION
(DENIAL of a FAIR TRIAL)

74. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

75. Defendant's misrepresentations about Plaintiff to prosecutors deprived Plaintiff of liberty because he was required to appear in court after the misrepresentations were made.

76. Accordingly, defendants are liable to Plaintiff under the Sixth Amendment for denying him a fair trial.

77. As a result, Plaintiff suffered the injuries as set forth within this complaint.

### TENTH CAUSE OF ACTION
(CRUEL and UNUSUAL PUNISHMENT)

78. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

79. Plaintiff was denied adequate food and medical attention and his physical condition suffered.

80. As a result of defendants' conduct, Plaintiff unnecessarily suffered cruel and unusual punishment.

### ELEVENTH CAUSE OF ACTION
(NEGLIGENCE)

81. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

82. Defendants' owed a duty to Plaintiff who was a prisoner in the custody and care of defendants.

83. Defendants breached their duty to Plaintiff.

84. As a result, Plaintiff suffered injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  25 NOVEMBER 2014
        New York, New York

Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff